IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMES W. SHEPHERD,

                Plaintiff,

v.                                                          Civil Action No.  2:25-cv-394

SALLY T. SHEPHERD and
WALTON S. SHEPHERD, III,

                Defendants.

## PROPOSED FINDINGS & RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by standing order entered September 1, 2024, and filed in this case on June 25, 2025, is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). Pending before the Court is the *Complaint* (ECF No. 2) filed by Plaintiff James W. Shepherd ("Plaintiff"), along with his contemporaneously filed *Application to Proceed Without Prepaying Fees or Costs*. (ECF No. 1). Having reviewed the *Complaint*, the undersigned respectfully **RECOMMENDS** that the *Application* be **DENIED** and that this case be **DISMISSED** *sua sponte* pursuant to 28 U.S.C. § 1915(e) and Rule 12(h)(3) of the *Federal Rules of Civil Procedure*, on the grounds that this Court lacks original subject-matter jurisdiction over Plaintiff's claims.

## I.    BACKGROUND

Plaintiff, who is proceeding *pro se*, initiated this civil action on June 24, 2025, by filing a *Complaint* against two of his family members, Defendants Sally T. Shepherd and Walton S. Shepherd, III. (ECF No. 2.) Therein, Plaintiff alleges that Defendants have abducted, abused, and falsely imprisoned him by involuntarily committing him to various mental hospitals and taking his car and/or car keys so that he cannot drive. (*Id.* at 3-5.) According to Plaintiff, these actions are a violation of his civil rights. (ECF No. 4.)

On June 26, 2025—only two days after filing his *Complaint*—Plaintiff filed a Notice indicating that "[he] might be in the wrong jurisdiction BECAUSE THE RIGHTS ARE MOSTLY INTERFAMILY." (ECF No. 4) (emphasis in original). He clarifies that "Government involvement[,] if any[,] [is] mostly TANGENTIAL" and that the unnamed government agency "lacked mens rea to harm [him]." (*Id.*). Notably, no governmental agency or officer was named as a defendant in his *Complaint*.

## II.    LEGAL STANDARD

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, this Court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e). This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)). When reviewing an *in forma pauperis* complaint for failure to state a claim, this Court applies the same standards that

2

it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)). That is, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas*, 841 F.3d at 637 (quotations omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

While lack of subject-matter jurisdiction is not specifically enumerated in the statute, "the vast majority of case law appears to agree, at least tacitly, that § 1915(e)(2)'s screening function includes the ability to screen for lack of subject-matter jurisdiction," because "[j]urisdictional defects can render a case frivolous and subject to dismissal

under § 1915(e)(2)(B)." *Howard v. Good Samaritan Hosp.*, 1:21-cv-160, 2022 WL 92462, at *2 (S.D. Ohio Jan. 10, 2022) (citations omitted). Likewise, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action" *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety"); *accord Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). Relevant here, subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction has two requirements: first, there must be complete diversity of citizenship— meaning that each plaintiff is a citizen of a different state than each defendant—and, second, the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. By contrast, federal-question jurisdiction only requires that the action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

If Plaintiff's claims against the Defendants do not fall within the limited "federal question" or "diversity of citizenship" categories of this Court's subject-matter jurisdiction under 28 U.S.C. §§ 1331 or 1332, then Plaintiff may not pursue his claims here in federal court and this civil action must be dismissed without prejudice. *See Womack v. Owens*, 736 Fed. App'x 356, 357 (4th Cir. 2018) ("[A] dismissal for lack of subject matter jurisdiction must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."). "There is no presumption that a federal district court has subject matter jurisdiction[.]" *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). The burden of proving "the asserted basis for

jurisdiction" under these circumstances is upon the Plaintiff. *Melendez v. Sebelius*, 611 Fed. App'x 762, 763 (4th Cir. 2015) (citations omitted).

Because such deference is given to *pro se* complaints, the Court should grant leave to amend where a *pro se* complaint can be remedied by an amendment, to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978) (explaining that a district court should allow *pro se* plaintiffs a reasonable opportunity to develop pleadings.); *Coleman v. Peyton*, 370 F.2d 603, 604 (4th Cir. 1965) (stating that a *pro se* plaintiff should be given an opportunity to particularize potentially viable claims). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.,* 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 685 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or "conjure up questions never squarely presented" to the court. *Randolph v. Baltimore City States Atty.*, 14-3176, 2014 WL 5293708, at *1 (D. Md. Oct. 14, 2014), *aff'd sub nom. Randolph v. New Tech*, 588 Fed. App'x 219 (4th Cir. 2014) (citations omitted)). Thus, the Court may deny leave to amend when "the amendment would be futile," such that "it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss." *Equal Rights Ctr. v. Niles*

*Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

### III.    DISCUSSION

It is evident from the face of the Complaint that this Court lacks original subject-matter jurisdiction—either pursuant to 28 U.S.C. §§ 1331 or 1332—over Plaintiff's claims in this civil action.

### A.    28 U.S.C. § 1332

First, it is plain from the face of the Complaint that this Court lacks original subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.[1] This statute provides in relevant part that "[t]he [federal] district courts shall have jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Importantly, the U.S. Supreme Court explained that § 1332 "require[s] complete diversity of citizenship," meaning that "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Stated another way, a federal district court does not have original subject-matter "diversity" jurisdiction under § 1332 when one or more of the plaintiffs in the civil action is a citizen of the same state as one or more of the defendants. *See Navy Fed. Credit Union v. LTD Fin. Servs.*, 972 F.3d 344, 352 (4th Cir. 2020) (explaining that, in order to claim diversity jurisdiction under § 1332, "no plaintiff may share a citizenship with any defendant").

---

[1] Plaintiff did not assert that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332; however, the undersigned's discussion of § 1332 is included herein for the sake of completeness and clarity in light of the liberal standard afforded *pro se* pleadings.

In the case at hand, even assuming—for the purpose of screening under § 1915 only—that Plaintiff can demonstrate that "the matter in controversy" in this civil action "exceeds the sum or value of $75,000," Plaintiff is not diverse in citizenship from the Defendants within the scope of 28 U.S.C. § 1332, because each party to this civil action is a West Virginia citizen. The undersigned therefore **FINDS** that the Court does not have subject-matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332.

## B.    28 U.S.C. § 1331

It is plain from the face of the Complaint that this Court also lacks original subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. This statute provides that "[t]he [federal] district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "In determining whether a claim 'arises under' the laws of the United States, courts abide by the 'well-pleaded complaint rule,' assessing whether the plaintiff's cause of action—as stated on the face of the complaint—has some basis in federal law." *Old Dominion Elec. Coop. v. PJM Interconnection, LLC*, 24 F.4th 271, 279 (4th Cir. 2022) (quoting *Merrell Dow Pharms Inc. v. Thompson*, 478 U.S. 804, 807-08 (1986)). Further, "the 'vast majority' of cases arising under federal law 'are those in which federal law creates the cause of action.' " *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 303 (4th Cir. 2016) (quoting *Merrell Dow*, 478 U.S. at 808).

First, none of Plaintiff's claims—abduction, elder abuse, false imprisonment, and vehicle theft—"arise under" federal law. Instead, they all arise under the criminal laws of the State of West Virginia.    *See, e.g.,* W. Va. Code § 61-2-14A (criminalizing abduction/kidnapping); W. Va. Code § 61-2-29B (criminalizing elder abuse); W. Va. Code

§ 61-2-14G (criminalizing false imprisonment); W. Va. Code § 17A-8-4 (criminalizing unlawful taking of vehicle). As a private citizen, Plaintiff may not criminally prosecute the Defendants. It is well-established that "[a]s a private citizen, the plaintiff has no judicially cognizable interest in the criminal prosecution of another." *White v. Francis*, 3:08-cv-163, 2009 WL 1393383, at *2 (N.D. W. Va. May 15, 2009) (citing *Sattler v. Johnson*, 857 F.2d 224, 226-27 (4th Cir. 1988)). *See also Newell v. W. Reg'l Jail*, 3:20-cv-603, 2020 WL 5550393, at *1 (S.D. W. Va. Sept. 16, 2020) (explaining that "with respect to plaintiff's inquiry about lodging a hate crime charge . . . this Court cannot provide that relief" and recommending that the plaintiff contact his county prosecutor's office or the Federal Bureau of Investigation, as "[u]ltimately, the decision to charge [the defendants] with a crime rests with the government, not with the Court.")

Further, to the extent Plaintiff seeks to assert a "civil rights" claim based upon the Defendants' alleged conduct, which the Court liberally construes as a claim under 42 U.S.C. § 1983, such claim must fail. While this cause of action certainly does "arise under" federal law, it does not confer jurisdiction in this civil action because both named Defendants are private citizens. It is well-established that "[t]o state a claim under § 1983, the complaint must plead specific facts demonstrating a violation of the plaintiff's constitutional rights that was committed by an individual "acting under color of state law." *Woolsey v. Ojeda*, 363 F. Supp. 3d 688, 692 (S.D. W. Va. 2019) (citing *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011); *West v. Atkins*, 487 U.S. 42, 48 (1988)). A defendant acts under color of state law within the scope of § 1983 if he or she is "a state actor or ha[s] a sufficiently close relationship with state actors such that . . . [he or she] is engaged in the state's actions." *Woolsey*, 363 F. Supp. 3d at 692 (citing *Cox v.*

8

*Duke Energy Inc.*, 876 F.3d 625, 632 (4th Cir. 2017)). "Put simply, the defendant acts under color of state law when he exercises power possessed by virtue of state law and made possible only because he is clothed with the authority of state law." *Woolsey*, 363 F. Supp. 3d at 692 (quoting *Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019)); *see also Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (explaining that § 1983 "includes within its scope apparently private actions which have a sufficiently close nexus with the State to be fairly treated as that of the State itself"). In determining whether a private party's allegedly unconstitutional conduct is fairly attributable to the State, this Court first "identifies the specific conduct of which the plaintiff complains," and then determines whether that conduct, under the totality of the circumstances, "may reasonably be treated as that of the State itself." *Woolsey*, 363 F. Supp. 3d at 692 (citations omitted).

Here, Plaintiff's Complaint did not allege any facts from which a reasonable person could infer that there was a nexus between any actions by the Defendants and the State. Plaintiff does not allege that the Defendants were State officials or employees; in fact, he does not allege any interaction between Defendants and the State. Nor do any of the allegations point to an inference that either Defendant was "clothed with the authority of state law," or even that either Defendant made any alleged statement or other representation that gave the appearance of such authority. In short, none of the allegations set forth in Plaintiff's Complaint give rise to an inference that either of the named Defendants "had a common understanding or meeting of the minds with any state actors." *Roush v. Roush*, 767 F. Supp. 1344, 1350 (S.D. W. Va.), *aff'd*, 952 F.2d 396 (4th

Cir. 1991). Thus, the undersigned **FINDS** that Plaintiff fails to state a plausible claim under § 1983.

As Plaintiff's construed § 1983 claim is clearly insufficient on its face, it does not confer federal jurisdiction in the instant action and dismissal is proper. *See Perrin v. Nicholson*, 9:10-cv-1111, 2010 WL 3893792, at \*2 (D.S.C. Sept. 8, 2010) ("Purely private conduct, no matter how injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983."); *Johnson v. Mercy Behav. Health*, 20-cv-903, 2020 WL 3402429, at \*2 (W.D. Pa. June 19, 2020) (finding amendment would be futile and dismissing complaint for lack of subject matter jurisdiction when it asserted an unspecified "civil rights" claim but failed to allege that the defendant was a state actor). For these reasons, the undersigned **FINDS** that the Court does not have subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

In summary, because Plaintiff's claims against the Defendants do not fall within the limited "federal question" or "diversity of citizenship" categories of this Court's subject-matter jurisdiction under 28 U.S.C. §§ 1331 or 1332, then Plaintiff may not pursue his claims here in federal court and this civil action must be dismissed without prejudice in its entirety pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. Further, the undersigned **FINDS** that amendment would be futile as the Complaint is frivolous and clearly insufficient on its face; thus, the Complaint is likewise subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

IV.    <u>**CONCLUSION**</u>

Accordingly, for the reasons set forth above, it is respectfully **RECOMMENDED** that Plaintiff's *Application to Proceed Without Prepaying Fees or Costs* (ECF No. 1) be **DENIED** and this civil action be **DISMISSED** without prejudice[2] for lack of subject-matter jurisdiction.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals.  *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing parties and Judge Johnston.

---

[2] As the Fourth Circuit Court of Appeals explained, the absence of subject matter jurisdiction cannot support a dismissal *with* prejudice, "because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *Shing v. MD Dev. Disabilities Admin.*, 698 Fed. App'x 70, 72 (4th Cir. 2017).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to transmit a copy to counsel of record.

ENTERED:     August 20, 2025

Dwane L. Tinsley
United States Magistrate Judge