# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

JAMES W. SHEPHERD,

                Plaintiff,

v.                                        CIVIL ACTION NO.   2:25-cv-00394

SALLY T. SHEPHERD, et al.,

                Defendants.

## ORDER

By standing order entered on January 4, 2016, and filed in this case on June 25, 2025, (ECF No. 3), this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). Magistrate Judge Tinsley filed his PF&R on August 20, 2025, recommending this Court dismiss this matter *sua sponte* pursuant to 28 U.S.C. § 1915(e) and Rule 12(h)(3) of the Federal Rules of Civil Procedure, on the grounds that this Court lacks original subject-matter jurisdiction over Plaintiff James W. Shepherd's ("Plaintiff") claims. (ECF No. 5.) The PF&R also recommends denying Plaintiff's Application to Proceed Without Prepaying Fees or Costs, (ECF No. 1). (ECF No. 5.)

This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the PF&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and Plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v.*

*Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due on September 8, 2025. (ECF No. 5.) To date, Plaintiff has failed to submit any objection in response to the PF&R, thus constituting a waiver of *de novo* review and Plaintiff's right to appeal this Court's order.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 5), **DENIES** Plaintiff's Application to Proceed Without Prepaying Fees or Costs, (ECF No. 1), and **DISMISSES** this action **WITHOUT PREJUDICE** for lack original subject-matter jurisdiction.[1] The Court further **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 12, 2025

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[1] As noted in the PF&R, "the absence of subject matter jurisdiction cannot support a dismissal *with* prejudice, 'because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.'" (ECF No. 5 at 11, n.2 (quoting *Shing v. MD Dev. Disabilities Admin.*, 698 Fed. App'x 70, 72 (4th Cir. 2017)).)